UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **BRUNELL P. ST. PIERRE,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil No. 4:25-cv-12014 |
| **AIDVANTAGE OFFICE OF THE CUSTOMER ADVOCATE,** | ) ) ) ) | |
| Defendant. | ) ) ) | |

### SHOW CAUSE ORDER

**GUZMAN, J.**

The Court issues the following show cause order regarding Plaintiff's Motion to Remand. [ECF No. 13]. Defendant removed this action from a Massachusetts small claims court on July 17, 2025. [ECF No. 1]. Thereafter, Plaintiff moved to remand to small claims court. [ECF Nos. 12–13]. In support of his Motion to Remand, Plaintiff alleges that his "claims were brought under Massachusetts consumer protection laws" and his "complaint does not arise under federal law . . . ." [ECF No. 13 at 1]. The Court disagrees. Plaintiff's Statement of Small Claim and Notice in small claims court only alleges a claim arising under a federal law—the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. [ECF No. 1-1 at 6]. Therefore, the Court will not be remanding on the basis of an alleged state law violation. If Plaintiff wishes to dismiss this action and re-file an action in a state court alleging a state law violation, he may do so by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

1

"A plaintiff may file a notice of voluntary dismissal under Rule 41(a)(1)(A) even after the defendant has removed a case to federal court." Stoller v. Anderson, No. 23-CV-984, 2023 WL 9051311, at *3 (E.D. Wis. Dec. 29, 2023) (citing Grivas v. Parmlee Transp. Co., 207 F.2d 334, 337-38 (7th Cir. 1953)). Additionally, "if a defendant files a motion to dismiss rather than an answer or a motion for summary judgment, then a plaintiff retains the right to dismiss the case unilaterally under Rule 41(a)(1)(A)(i) despite the responsive briefing." Van Leeuwen v. Bank of Am., N.A., 304 F.R.D. 691, 692–93 (D. Utah 2015).

Defendant is **ORDERED** to abstain from mooting out its pending Motion to Dismiss [ECF No. 41] by moving for summary judgment pending Plaintiff's decision below.

**Plain Language Summary for Pro Se Plaintiff**

*Because Plaintiff is pro se, the Court provides the following summary in plain language:*

Your case included only one claim that stems from a federal law, the Fair Credit Reporting Act or "FCRA." The Defendant was able to remove your case to federal court because the federal claim brought in small claims court gives this Court jurisdiction over your case. You did not file any other claims besides the federal law claim under the FCRA. In one of your motions, you mentioned you would withdraw your FCRA claim so your case can return or be "remanded" to state court. [See Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction and Procedural Defect, ECF No. 34 at 1 (" . . . in light of Plaintiff's contemporaneously-filed notice of intent to withdraw the lone federal claim . . .")]. Because you only have one claim, if you were to withdraw the claim, you would essentially be dismissing your own case. You may do this if you wish to end your federal case and re-file in state court under only a state law claim. You would have to bring a new case in state court. However, if you decide you want to withdraw your federal claim in this Court, the Court will only allow you do to so if you voluntarily dismiss the claim with

prejudice. This means that once the claim is dismissed, you cannot bring it again against the same defendant in federal court.

**CONCLUSION**

Should Plaintiff choose to voluntarily dismiss this action with prejudice, he is hereby **ORDERED** to file a notice for voluntary dismissal with prejudice by January 29, 2026.

**SO ORDERED.**

Dated: January 15, 2026

                                                    /s/ Margaret R. Guzman
                                                  Margaret R. Guzman
                                                  United States District Judge